Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

APR - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY EUGENE EVANS,<br><br>　　　　Petitioner,<br><br>vs.<br><br>LYDIA C. HENSE,<br><br>　　　　Respondent. | Case No. EDCV 06-1243-AHM(RC)<br><br>ORDER ADOPTING FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Final Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's Objections to the initial Report and Recommendation, and has made a *de novo* determination.

IT IS ORDERED that (1) the Final Report and Recommendation is approved and adopted; (2) the Final Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the petition and the action as untimely.

//

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Final Report and Recommendation and Judgment by the United States mail on the parties.

DATED: April 3, 2008

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

R&Rs\06-1243.ado2
10/12/07

Case 5:06-cv-01243-AHM-RC  Document 31  Filed 04/03/08  Page 2 of 16  Page ID #:35

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Final Report and Recommendation and Judgment by the United States mail on the parties.

DATED: April 3, 2008

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

R&Rs\06-1243.ado2
10/12/07

2

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RANDY EUGENE EVANS,             ) Case No. EDCV 06-1243-AHM(RC)
                                )
            Petitioner,         )
                                )
vs.                             ) FINAL REPORT AND RECOMMENDATION OF
                                ) A UNITED STATES MAGISTRATE JUDGE
LYDIA C. HENSE,                 )
                                )
            Respondent.         )
_____)

This Final Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**BACKGROUND**

I

On August 5, 1999, in Riverside County Superior Court case no. RIF081046, a jury convicted petitioner Randy Eugene Evans of one count of lewd and lascivious conduct with a child under the age of 14 in violation of California Penal Code ("P.C.") § 288(a), one count of

assault with intent to commit rape or another serious sexual offense in violation of P.C. § 220, and one count of burglary in violation of P.C. § 459, and petitioner subsequently admitted he had been convicted of two prior "strikes" within the meaning of California's "Three Strikes" law, P.C. §§ 667(b)-(i) and 1170.12(a)-(d) and a serious felony within the meaning of P.C. § 667(a), and had served two prior prison terms within the meaning of P.C. § 667.5(b). Lodgment no. 1 at 2; Petition at 2; People v. Evans, Riverside County Superior Court case no. RIF081046. On October 5, 1999, the trial court sentenced petitioner to 32 years to life in state prison. Ibid.

Petitioner appealed his convictions and sentence to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed October 26, 2000, but directed the trial court to resentence defendant. Lodgment no. 1. On November 20, 2000, the California Court of Appeal modified its opinion by correcting a typographical error; however, "[t]his modification [did] not effect a change in the judgment." Lodgment no. 16. On December 5, 2000, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied the petition on February 14, 2001. Lodgment nos. 2-3.

On July 24, 2001, the Riverside Superior Court vacated its previous sentence and resentenced petitioner to 38 years to life in state prison. Supplemental Lodgment no. 5. Petitioner appealed the resentencing to the California Court of Appeal, which affirmed the judgment on April 15, 2002. Supplement Lodgment no. 6; People v. Evans, 2002 WL 554949, *1 (Cal. App. 4 Dist.). Petitioner did not

seek review by the California Supreme Court.

On July 1, 2003,[1] petitioner, proceeding pro se, filed a habeas corpus petition in the Riverside County Superior Court, which denied the petition on July 9, 2003, finding petitioner had raised claims that could have been raised on appeal. Lodgment nos. 4-5. On August 6, 2003, petitioner filed a habeas corpus application in the California Court of Appeal, which denied the petition on August 14, 2003. Lodgment nos. 6-7. On August 25, 2003, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on May 12, 2004, with citation to In re Waltreus, 62 Cal. 2d 218 (1965).

On September 7, 2004, petitioner filed a second habeas corpus petition in the Riverside County Superior Court, which denied the petition on September 27, 2004, stating "[t]he petitioner seeks a second appeal . . . [and] the petition lacks merit." People v. Evans, Riverside County Superior Court case no. RIF081046; Lodgment no. 10.[2]

---

[1] "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar, 273 F.3d at 1223; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).

[2] Despite two orders from the Court requiring respondent to lodge **all** habeas corpus petitions filed by petitioner in the state courts, respondent still has not provided the Court with a copy of petitioner's second habeas corpus petitions to the Riverside County Superior Court and the California Court of

3

On November 16, 2004, petitioner filed a second habeas corpus petition in the California Court of Appeal, which denied the petition on November 19, 2004. People v. Evans, California Court of Appeal case no. E036961. On December 28, 2004, petitioner filed a second petition for habeas corpus relief in the California Supreme Court, which denied the petition on December 14, 2005, with citation to In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 183 Cal. 4th 770, 780 (1998). Lodgment nos. 14-15.

On May 26, 2005, petitioner filed a third habeas corpus petition in the Riverside County Superior Court, which denied the petition on June 7, 2005. Lodgment nos. 10-11. On July 12, 2005, petitioner filed a third habeas corpus petition in the California Court of Appeal, which denied the petition on July 22, 2005. Lodgment nos. 12-13. On January 10, 2006, petitioner filed his third habeas corpus petition in the California Supreme Court, which denied the petition on September 13, 2006, with citation to In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 18 Cal. 4th 770, 780 (1998). Lodgment nos. 16-17.

## II

On November 10, 2006, petitioner, proceeding pro se, filed the

---

Appeal -- although orders from the state courts addressing those petitions are attached as exhibits to petitioner's Lodgment no. 10. As such, among other difficulties, the Court is unable to apply the mailbox rule to these petition. Nevertheless, since it is clear the pending federal habeas corpus petition is untimely regardless of any possible benefit the mailbox rule could provide petitioner, the Court will not further delay these proceedings by requiring respondent to again supplement her deficient lodgments.

pending habeas corpus application under 28 U.S.C. § 2254 challenging his convictions and sentence, and on April 5, 2007, respondent filed a motion to dismiss the petition, arguing it is untimely. On May 29, 2007, petitioner filed his opposition to the motion to dismiss, and on July 9, 2007, respondent filed an amended memorandum of points and authorities supporting her motion to dismiss.

On July 26, 2007, this Court filed a Report and Recommendation finding the pending habeas corpus petition to be untimely and recommending dismissal of the petition. On September 20, 2007, petitioner filed Objections to the Report and Recommendation, and the Court hereby files a Final Report and Recommendation that addresses petitioner's Objections. Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.), cert. denied, 521 U.S. 1111 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the

```
                time for seeking such review;
                            *   *   *
            (D) the date on which the factual predicate of the
            claim or claims presented could have been
            discovered through the exercise of due diligence.
      (2) The time during which a properly filed application for
      State post-conviction or other collateral review with
      respect to the pertinent judgment or claim is pending shall
      not be counted toward any period of limitation under this
      subsection.
```

28 U.S.C. § 2244(d).

"In the context of a federal habeas petition, the statute of limitations runs from the date of state resentencing and not the date of the original judgment." <u>Maharaj v. Sec'y for the Dep't of Corr.</u>, 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam) (cited with approval in <u>United States v. LaFromboise</u>, 427 F.3d 680, 685-86 (9th Cir. 2005)). Here, the Riverside Superior Court resentenced petitioner on July 24, 2001, the California Court of Appeal affirmed the resentencing on April 15, 2002, and petitioner did not file a petition for review. Thus, petitioner's state court judgment became final on May 15, 2002, thirty days after the California Court of Appeal filed its decision, Former California Rules of Court, Rule 24(a) (2002), and the time to file a petition for review to the California Supreme Court expired ten days later, on May 28, 2002.[3] Former California Rules of

---

[3] May 25, 2002, the tenth day after May 15, 2002, was a Saturday, and Monday, May 27, 2002, was Memorial Day; therefore,

6

Court, Rule 28(b) (2002). For petitioner, the AEDPA's one-year statute of limitations began to run on May 29, 2002, and expired one year later on May 28, 2003. Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Since the instant action was not filed until November 10, 2006 -- more than three years after the statute of limitations had run -- it is untimely.

However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending in the California courts. It was not tolled since petitioner did not file any of his habeas corpus petitions in the California courts before the statute of limitations had expired. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

Under Section 2244(d)(1)(D), AEDPA's statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than Section 2244(d)(1)(A) only 'if vital facts could not have been known.'" (quoting Owens v. Boyd,

---

May 28, 2002, was the final day for petitioner to timely file a petition for review. California Code of Civ. Proc. §§ 10, 12a(a), 135; Cal. Gov't Code § 6700; former California Rules of Court, Rule 45(a) (2002). Rule 45(a) was renumbered Rule 8.60 effective January 1, 2007.

235 F.3d 356, 359 (7th Cir. 2000))), cert. denied, 544 U.S. 1037 (2005). Here, petitioner contends he is entitled to tolling under Section 2244(d)(1)(D) based on the California Court of Appeal's decision in People v. Burgos, 117 Cal. App. 4th 1209, 12 Cal. Rptr. 3d 566 (2004), which held that a trial court abused its discretion in failing to strike a defendant's prior conviction in the interests of justice when the "two prior convictions, attempted carjacking and attempted robbery, were . . . 'so closely connected,' having arisen from the same single act, that failure to strike one of them must be deemed an abuse of discretion." Id. at 1216-17. However, petitioner's argument is without merit since "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006).[4]

---

[4] In his Objections to the Report and Recommendation, petitioner relies on Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2007) to support his argument that Burgos provides an appropriate factual predicate to support application of § 2244(d)(1)(D). Objections at 5-7. However, the Ninth Circuit rejected a similar argument in Shannon, and its rationale is equally applicable here:

> Johnson establishes that a state-court decision can, in some circumstances, qualify as a fact. There is, however, a crucial difference between Johnson and this case. In Johnson, the state-court decision in question was a decision in the petitioner's own case. It did not merely establish an abstract proposition of law; rather, it directly eliminated Johnson's legal status as a convict. That status was a fact used to enhance his sentence, just as the use of a gun or the quantity of narcotics sold are facts that can enhance a defendant's sentence. In this case, by contrast, the California Supreme Court's decision . . . was unrelated

1    Nor is there any basis for this Court to equitably toll the
2 AEDPA's statute of limitations. A habeas petitioner is entitled to
3 equitable tolling "only if extraordinary circumstances beyond a
4 prisoner's control make it impossible to file a petition on time."
5 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and
6 internal quotation marks omitted); Espinoza-Matthews v. People of the
7 State of Cal., 432 F.3d 1021, 1026 (9th Cir. 2005). The petitioner
8 bears the burden of proving: "(1) that he has been pursuing his rights
9 diligently, and (2) that some extraordinary circumstance stood in his
10 way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814,
11 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th
12 Cir. 2006). Additionally, the petitioner "must show that the
13 'extraordinary circumstances' were the but-for and proximate causes of
14 his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.
15 2003) (citations and internal quotation marks omitted); Roy v.
16 Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom.,
17 Belleque v. Kephart, 127 S. Ct. 1880 (2007).

    Here, petitioner contends he is "actually innocent" of the crimes
for which he was convicted. An actual innocence claim may constitute
an "extraordinary circumstance" warranting equitable tolling under the

---

> to Shannon's case and had no direct effect on his legal
> status. . . . Thus, while the Court's decision in
> *Johnson* does establish that a state-court judgment can
> sometimes constitute a fact triggering a new
> limitations period under the AEDPA, . . . a state-court
> decision establishing an abstract proposition of law
> arguably helpful to the petitioner's claim does not
> constitute the 'factual predicate' for that claim.

Shannon, 410 F.3d at 1088-89 (emphasis in original).

1 | AEDPA, see Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005)
2 | ("[E]quitable tolling of the one-year limitations period based on a
3 | credible showing of actual innocence is appropriate."); Gibson v.
4 | Klinger, 232 F.3d 799, 808 (10th Cir. 2000) ("Equitable tolling would
5 | be appropriate . . . when a prisoner is actually innocent. . . ."),
6 | or act as an exception to the statute of limitations. See United
7 | States v. Zuno-Arce, 339 F.3d 886, 890 n.5 (9th Cir. 2003)
8 | (petitioner's actual innocence claim "is not in itself a constitution-
9 | al claim, but would serve only to remove the timeliness bar so that
10 | claims may be heard on the merits."), cert. denied, 540 U.S. 1208
11 | (2004); O'Neal v. Lampert, 199 F. Supp. 2d 1064, 1066-67 (D. Or. 2002)
12 | (finding actual innocence exception to AEDPA's statute of limita-
13 | tions). In either event, "[t]o be credible, [an actual innocence]
14 | claim requires petitioner to support his allegations . . . with new
15 | reliable evidence . . . that was not presented at trial[,]" and "show
16 | that it is more likely than not that no reasonable juror would have
17 | found petitioner guilty beyond a reasonable doubt." Schlup v. Delo,
18 | 513 U.S. 298, 324, 327, 115 S. Ct. 851, 865, 867, 130 L. Ed. 2d 808
19 | (1995); Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489,
20 | 1503, 140 L. Ed. 2d 728 (1998); see also Griffin v. Johnson, 350 F.3d
21 | 956, 963 (9th Cir. 2003) ("[H]abeas petitioners may pass Schlup's test
22 | by offering 'newly presented' evidence of actual innocence."), cert.
23 | denied, 541 U.S. 998 (2004). Moreover, "'actual innocence' means
24 | factual innocence, not mere legal insufficiency." Bousley v. United
25 | States, 523 U.S. 614, 623-24, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828
26 | (1998); Souter, 395 F.3d at 590.
27
28 | However, the petitioner has not met his burden to show "actual

10

innocence." To the contrary, petitioner has not presented nor identified any new evidence that could possibly support his claim of "actual innocence"; thus, there is no basis to equitably toll the statute of limitations due to petitioner's alleged actual innocence. Sibley v. Culliver, 377 F.3d 1196, 1206 (11th Cir. 2004); Allen v. Yukins, 366 F.3d 396, 405 (6th Cir.), cert. denied, 543 U.S. 865 (2004); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir.), cert. denied, 531 U.S. 873 (2000).

In his Objections to the Report and Recommendation, petitioner for the first time claims he is entitled to equitable tolling because his attorney abandoned him following the California Court of Appeal's affirmance of the Superior Court's resentencing of petitioner, and did not file a petition for review in the California Supreme Court. Objections at 8-9. The Court disagrees. Generally, an attorney's mistake or negligence does not justify equitable tolling of the limitations period, Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.), cert. denied, 537 U.S. 1003 (2002), although sufficiently egregious attorney misconduct "may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Spitsyn, 345 F.3d at 800. Here, petitioner bases his claim in large part on an unauthenticated "Attorney-Client Retainer Agreement" ("Agreement"), which is dated August 7, 2001, indicating petitioner retained attorney Randy Alexander for a "[p]ossible appeal of February 22, 2001 Remittitur Case # E025873 . . . to California Supreme Court or United States Supreme [C]ourt[,]" and stating the "[a]ttorney agrees to take such steps as are reasonably advisable to

11

enforce Client's rights." Objections, Exh. A. Yet, even accepting this document is what petitioner states it is, it does not support petitioner's claim counsel abandoned him. To the contrary, unlike *Spitsyn*, where the retained attorney "completely failed to prepare and file a petition[,]" Spitsyn, 345 F.3d at 801, on January 28, 2002, after the agreement was signed, counsel represented petitioner before the California Court of Appeal challenging petitioner's resentencing by filing a *Wende*[5] brief on petitioner's behalf.[6] Lodgment no. 6;

---

[5] People v. Wende, 25 Cal. 3d 436, 158 Cal. Rptr. 839 (1979). Under California's *Wende* procedure:

> counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case, with citations of the record. He also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a *pro se* supplemental brief. He further requests that the court independently examine the record for arguable issues. [However,] counsel following *Wende* neither explicitly states that his review has led him to conclude that an appeal would be frivolous (although that is considered implicit), nor requests leave to withdraw. Instead, he is silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing.

Smith v. Robbins, 528 U.S. 259, 265-66, 120 S. Ct. 746, 753, 145 L. Ed. 2d 756 (2000). Here, counsel "set[] forth a statement of the case, a summary of facts and [a] request[] [that the California Court of Appeal] undertake an independent review of the entire record" under *Wende*. Evans, 2002 WL 554949 at *1. Petitioner was afforded an opportunity to file a *pro se* brief; however, he declined to do so, and the California Court of Appeal then reviewed the record and found no arguable issues. Id.

[6] It appears that the California Court of Appeal appointed Alexander to represent petitioner, Evans, 2002 WL 554949 at *1,

12

Evans, 2002 WL 554949 at *1. Moreover, petitioner has not shown counsel in any manner misled him about the status of his case or whether he would file any further petitions on his behalf. Thus, petitioner has simply not shown Alexander abandoned him.[7]

Moreover, unlike *Spitsyn*, petitioner has not shown he has diligently pursued his rights. To the contrary, although Alexander filed a *Wende* brief indicating petitioner had no arguable issues on appeal well before the statute of limitations began to run, petitioner has not shown he ever contacted Alexander to ascertain why he filed a *Wende* brief or whether he was going to further pursue this matter on petitioner's behalf. Cf. Spitsyn, 345 F.3d at 801. In fact, petitioner did nothing to pursue his rights for fourteen months -- from April 15, 2002, when the California Court of Appeal denied his appeal, to July 1, 2003, when he filed a habeas corpus petition in the Riverside County Superior Court, raising an issue that had been rejected on direct appeal. See Lodgment nos. 1-4. Therefore,

---

and petitioner did not hire Alexander to represent him at all. Moreover, the Agreement states it is not effective until Alexander received a "non-refundable fee" of $3,000.00, id., and petitioner has presented no competent evidence showing Alexander ever received this fee.

[7] It is worth noting that the Agreement did not guarantee Alexander would file in either the California Supreme Court or United States Supreme Court; rather, it merely stated counsel "agrees to take such steps as are reasonably advisable to enforce Client's rights." Objections, Exh. A. Since counsel, by filing a *Wende* brief, implicitly represented, and the California Court of Appeal agreed, that petitioner's appeal was frivolous, Smith, 528 U.S. at 265-66, 120 S. Ct. at 753, it would not have been "reasonably advisable" for Alexander to further pursue a frivolous appeal to the California Supreme Court or United States Supreme Court.

1  petitioner has not shown he is entitled to equitable tolling, and his
2  habeas corpus petition is untimely.  See Pace, 544 U.S. at 419, 125 S.
3  Ct. at 1815 ("Under long-established principles, petitioner's lack of
4  diligence precludes equity's operation."); Welch v. Carey, 350 F.3d
5  1079, 1083 (9th Cir. 2003) (en banc) ("Tolling accommodates effort,
6  not inaction."), cert. denied, 541 U.S. 1078 (2004); Schlueter, 384
7  F.3d at 76-77 (no equitable tolling when counsel informed petitioner
8  he anticipated filing habeas corpus petition by year's end, but did
9  not do so; petitioner could have learned about attorney's failure
10 before statute of limitations ran); Lindsey v. Carroll, 421 F. Supp.
11 2d 806, 812 (D. Del. 2006) (petitioner not entitled to equitable
12 tolling due to attorney's failure to file post-conviction application
13 for relief when attorney never represented she would file such motion
14 and petitioner never sought to ascertain whether attorney had filed
15 motion).

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) adopting the Final Report and Recommendation as the findings of fact and conclusions of law herein; and (3) entering Judgment dismissing the petition and action as untimely.

DATE: October 12, 2007

HON. ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R\06-1243.R&R2
10/12/07